**JUDGE KAPLAN**   **12 CV 2505**

134-12/MFM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
McALLISTER TOWING & TRANSPORTATION
CO., INC. and McALLISTER TOWING OF
NEW YORK, LLC
80 Pine Street
New York, New York 10005
(212) 425-1900
John J. Walsh, Esq.
Mark F. Muller, Esq.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In the Matter of the

Complaint of Plaintiffs, McALLISTER
TOWING & TRANSPORTATION CO.,
INC. as Owner and McALLISTER
TOWING OF NEW YORK, LLC, as Owner
Pro Hac Vice of the Tug PATRICE
McALLISTER for Exoneration from/or
Limitation of Liability
-----------------------------------------------------------x

Index No.:

**IN ADMIRALTY**

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Plaintiffs, McAllister Towing & Transportation Co., Inc. and McAllister Towing of New York, LLC, by their attorneys, Freehill, Hogan & Mahar, LLP, allege upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

383471.2

2.  At all material times, Plaintiffs were corporations organized and existing under the laws of the State of Delaware with their principal place of business in the State of New York.

3.  On March 27, 2012, McAllister Towing & Transportation Co., Inc. was the registered owner of the Tug PATRICE McALLISTER. McAllister Towing of New York, LLC was the charterer of the Tug PATRICE McALLISTER which manned supplied and navigated the vessel and therefore was an "owner" pursuant to 46 U.S.C. 30501.

4.  The Tug PATRICE McALLISTER, O.N. 1082214 is a vessel with a gross tonnage of 149 tons. At all times of the casualty hereinafter described, the Tug PATRICE McALLISTER was in all respects properly manned, equipped and supplied and was seaworthy and fit for the services in which it was engaged. Plaintiffs exercised due diligence to make the vessel seaworthy in all respects.

5.  The Tug PATRICE McALLISTER suffered a casualty on March 27, 2012 during a voyage from Toledo Ohio to New York, NY resulting in damages to the tug in the approximate amount of $3,569,000.00. The tug suffered a fire and explosion in her engine room which caused personal injuries and death to a crew member. The voyage terminated upon occurrence of the casualty on March 27, 2012 in Lake Ontario. The aforesaid casualty and resulting losses and damages were not due to any fault or negligence on the part of the Plaintiffs, the Tug PATRICE McALLISTER, or those in charge of the Tug PATRICE McALLISTER.

6. After the casualty, the fair market value of the Tug PATRICE McALLISTER was $811,000.00 with no pending freight which is her value at the close of the voyage. Plaintiffs expect demands and claims in excess of the value of the vessel after the casualty arising in contract tort or otherwise. So far as known to Plaintiffs, no actions or proceedings are pending thereon.

7. The Tug PATRICE McALLISTER will now be coming within this district and will be within the jurisdiction of this Honorable Court. Plaintiff has not elected to transfer Plaintiffs' interest in the vessel to a trustee. There are no prior paramount liens

8. Claims anticipated by Plaintiffs to be asserted in connection with the above events may exceed $811,000.00, which is the value of the Tug PATRICE McALLISTER after the casualty. There was no pending freight.

9. Plaintiffs, as owner and operator of the Tug PATRICE McALLISTER, without admitting, but by affirmatively denying all liability, claim the benefit of limitation of liability provided for in the act of March 3, 1851, 46 U.S.C. § 30505 and the various statutes supplementary thereto and amendatory thereof. If it later appears that Plaintiffs are, or may be liable and the value of their interest in the Tug PATRICE McALLISTER is not sufficient to pay all losses in full, then claimants shall share pro rata in the aforesaid sum, saving to claimants any rights of priority they may have as provided by the aforesaid statutes and the Federal Rules of Civil Procedure including the Supplemental Rules for Certain Admiralty and Maritime claims or as ordered by this Court.

383471.2

10.     Plaintiffs have filed herewith an ad interim Stipulation with sufficient surety covering their interests in the Tug PATRICE McALLISTER.

**WHEREFORE,** Plaintiffs pray that:

(a)     The Court approve their ad interim Stipulation as sufficient security;

(b)     The Court approve their deposit of $250.00 as sufficient security for costs;

(c)     The Court enter an order directing the issuance of a notice citing all persons and entities, claiming any interest herein or damages for any loss or injury as a result of the incident above described, including fines or penalties, to file their respective claims and answers to this Complaint with the Clerk of the Court and to serve copies thereof upon Plaintiffs, all as required by the rules of this Court;

(d)     The Court enter an order prohibiting and restraining prosecution of any lawsuits already commenced and the commencement and prosecution of any suit, action, or legal proceeding of any nature, kind or description whatsoever against Plaintiffs, their insurers, the vessels, Plaintiffs' property with respect of any claim or claims arising out of the above described incident;

(e)     The Court adjudge that Plaintiffs are not liable to any extent for losses, fines, penalties, damages or injuries in any manner arising out of the above described incident;

(f)     If the Plaintiffs shall be adjudged liable, then that their total and aggregate liability be limited to the value of their combined interests in the Tug PATRICE McALLISTER following the casualty pursuant to 46 U.S.C. § 30505 or any other

applicable limitation of liability law and that any monies decreed to be paid to be divided pro rata against such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled and that a decree thereupon be entered discharging Plaintiffs from all further liability;

(g)   Plaintiffs have such other and further relief as may appear just in the premises.

DATED:  NEW YORK, NEW YORK
        April 2, 2012

> FREEHILL HOGAN & MAHAR, LLP
> Attorneys for Plaintiffs
> McALLISTER TOWING & TRANSPORTATION
> CO., INC. and McALLISTER TOWING OF
> NEW YORK, LLC
>
> By: _____
> John J. Walsh
> 80 Pine Street
> New York, New York  10005
> Telephone: (212) 425-1900
> Facsimile:  (212) 425-1901

383471.2