Edward P. Flood
LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, NY 10018
Telephone: (212) 594-2400
Fax: (212) 594-4589
Email: eflood@lyons-flood.com

Attorneys for Claimant,
Ohio Machinery Company
d/b/a Ohio CAT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In the Matter of the

Complaint of Plaintiffs, McALLISTER
TOWING & TRANSPORTATION CO.,
INC. as Owner and McALLISTER
TOWING OF NEW YORK, LLC, as Owner
Pro Hac Vice of the Tug PATRICE
McALLISTER for Exoneration from/or
Limitation of Liability
------------------------------------------------------ x

Index No.: 1:12-CV-02505-LAK

**IN ADMIRALTY**

**ANSWER OF
OHIO MACHINERY
COMPANY d/b/a Ohio CAT**

    Ohio Machinery Company d/b/a Ohio CAT ("Ohio CAT") contends that it is not subject to personal jurisdiction in the State of New York, and the filing of this answer is not a waiver of Ohio Cat's defense of lack of personal jurisdiction.  Ohio CAT further contends that it is not necessary for it to submit an answer at this time because Ohio CAT has not been served with any litigation concerning this matter and was not given notice of this case.  However, Ohio CAT is filing in the event that this Honorable Court determines that Ohio CAT was required to comply with the Court's order of April 4, 2012.

    Ohio Machinery Company d/b/a Ohio CAT ("Ohio CAT"/ "Claimant"), by and through its attorneys, LYONS & FLOOD, in Answer to the Complaint of McAllister

Towing & Transportation Co. Inc., as owner and McAllister Towing of New York, LLC, as owner pro hac vice of the tug PATRICE McALLISTER for Exoneration from/or Limitation of Liability and Claim, state upon information and belief, as follows:

1. The allegations contained in Paragraph One (1) are statements of law to which no answer is required.

2. The allegations contained in Paragraph Two (2) are denied for lack of knowledge or information sufficient to form a belief therein.

3. The allegations contained in Paragraph Three (3) are denied for lack of knowledge or information sufficient to form a belief therein.

4. The Claimant only admits that the PATRICE McALLISTER is a "towing vessel", and was documented by the Coast Guard to have a "gross tonnage" of 149 tons. All other allegations contained in Paragraph Four (4) are denied.

5. The Claimant only admits that a fire reportedly occurred onboard the tug PATRICE McALLISTER on or about March 27, 2012. All other allegations contained in Paragraph Five (5) are denied for lack of knowledge or information sufficient to form a belief therein.

6. The allegations contained in Paragraph Six (6) are denied for lack of knowledge or information sufficient to form a belief therein.

7. The allegations contained in Paragraph Seven (7) are denied for lack of knowledge or information sufficient to form a belief therein.

8. The allegations contained in Paragraph Eight (8) are denied for lack of knowledge or information sufficient to form a belief therein.

9. The allegations contained in Paragraph Nine (9) are statements of law to which no answer is required.

10. The allegations contained in Paragraph Ten (10) are denied. The Claimant reserves the right, pursuant to Paragraph Two (2) of the Court's order dated April 4, 2012 to file a notice of dissatisfaction with the underwriting surety provided by STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION (BERMUDA) LIMITED.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Ohio CAT contends that it is not subject to personal jurisdiction in the State of New York, and the filing of this answer is not a waiver of the defense of lack of personal jurisdiction. Ohio CAT further contends that it is not necessary for it to submit an answer at this time because Ohio CAT has not been served with any litigation concerning this matter; however, Ohio CAT is filing in the event that this Honorable Court determines that Ohio CAT was required to comply with the Court's order of April 4, 2012.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Ohio CAT contends that it did not receive proper notice of this action.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

### AS AND FOR A FOURTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

The Ad Interim Stipulation submitted by the Petitioners or on their behalf is improper in that the stated value of the tug PATRICE McALLISTER is neither sufficient nor adequate to properly discharge Petitioners' potential liability and obligations, and Claimant reserves the right to contest the appraisal of said vessel, and/or the applicable interest rates.

### AS AND FOR A FIFTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Petitioners, as owners and operators of the tug PATRICE McALLISTER, failed to exercise due diligence to make and maintain the tug PATRICE McALLISTER in all respects seaworthy. The tug PATRICE McALLISTER was not tight, staunch, strong and properly or competently manned, equipped and supplied, seaworthy, fit or proper for the service in which she was engaged.

### AS AND FOR A SIXTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Petitioners, as owners and operators of the tug PATRICE McALLISTER, are not entitled to either Exoneration from/or Limitation of Liability pursuant to 46 U.S.C. §§30501, et seq., for any and all damages and/or injuries caused by this alleged casualty, or done, occasioned or incurred on the aforesaid voyage on which the said alleged casualty occurred, or the various supplementary status thereto, because of the negligence of the vessel owners, and the unseaworthy condition of the tug PATRICE McALLISTER, were all within the privity and knowledge of Petitioners.

### AS AND FOR A SEVENTH SEPARATE AND
### <u>COMPLETE AFFIRMATIVE DEFENSE</u>

The alleged incident, loss, damages and/or injuries referenced in Petitioners Complaint were the result of the negligence, fault, or want of due care on the part of Petitioners, in their capacity as owners and/or operators of the tug PATRICE McALLISTER, and as a result of violations of applicable Federal, Safety and Operating Regulations and/or Statutes by Petitioners.

### AS AND FOR A N EIGHTH SEPARATE AND
### <u>COMPLETE AFFIRMATIVE DEFENSE</u>

The alleged incident onboard the tug PATRICE McALLISTER, including any loss, damages and/or injuries to persons onboard the tug, were not the result of any negligence, fault, or want of due care on the part of Ohio CAT or those for whom Ohio CAT may be responsible.

### AS AND FOR A NINTH SEPARATE AND
### <u>COMPLETE AFFIRMATIVE DEFENSES</u>

In filing this Answer to the Complaint, Ohio CAT specifically reserves all rights to pursue all available claims and defenses in the courts of Ohio for resolutions of any and all issues.  The filing of this Answer is in no way a waiver of this right and defense and Ohio CAT is not agreeing to join all issues in this proceeding by filing this Answer.

### AS AND FOR A TENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Ohio CAT states that any claims against it by the Petitioners are barred by Ohio law.

### JURY DEMAND

The Claimant, Ohio CAT, demands trial by jury in the State of Ohio on all issues raised in its Answer.


DATED: New York, New York				LYONS & FLOOD, LLP
August 16, 2012						Attorneys for Ohio Machinery Company
							d/b/a Ohio CAT

					By: _____
						Edward P. Flood
						65 West 36th Street, 7th Floor
						New York, NY 10018
						Telephone: (212) 594-2400
						Fax: (212) 594-4589
						Email: eflood@lyons-flood.com


						**TO BE ADMITTED PRO HAC VICE**

						_____
						Seth S. Holbrook
						238-240 Lewis Wharf
						Boston, MA 02110
						Telephone: (617) 428-1151
						Fax: (617) 428-6919
						Email: holbrook_murphy@msn.com

6

## **CERTIFICATE OF SERVICE**

Jon Werner, an attorney duly admitted to practice before this Honorable Court, affirms on this 16th day of August 2012, that he served true copies of Ohio Machinery Company d/b/a Ohio CAT's Answer via e-mail upon:

Freehill, Hogan & Mahar, LLP
*Attorneys for Plaintiff Mcallister Towing & Transportation Co., Inc.*
80 Pine Street
New York, NY 10005

| Attn: | John Joseph Walsh, Esq. | **walsh@freehill.com** |
| | Mark Francis Muller, Esq. | **muller@freehill.com** |
| | Michael Fernandez, Esq. | **fernandez@freehill.com** |

Sedgwick LLP
*Attorneys for Claimant Caterpillar Inc.*
Three Gateway Center
Newark, NJ 07029

| Attn: | Shaub Bean, Esq. | **shaun.bean@sedgwicklaw.com** |
| | Thomas D. Robertson, Esq. | **thomas.robertson@sdma.com** |

Latti & Anderson, L.L.P.
*Attorneys for Claimant John A. Hoban*
30-31 Union Wharf
Boston, MA 02109

| Attn: | Carolyn M. Latti, Esq. | **clatti@lattianderson.com** |
| | David F. Anderson, Esq. | **danderson@lattianderson.com** |

Tabak, Mellusi & Shisha
*Attorneys for Claimant John A. Hoban*
29 Broadway
NEW YORK, NY 10006

| Attn: | Jacob Shisha, Esq. | **jshisha@sealawyers.com** |

Rubin, Fiorella & Friedman, L.L.P.
*Attorneys for Claimant Ironhead Marine, Inc.*
630 Third Avenue
New York, NY 10017

Attn:   James Edward Mercante, Esq.   **jmercante@rubinfiorella.com**
        Richard Gonzalez, Esq.   **rgonzalez@rubinfiorella.com**

Executed on: August 16, 2012
          New York, New York

_____
Jon Werner