```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

In the Matter of the                :

Complaint of Plaintiffs,            :    12 Civ. 2505 (HBP)
McALLISTER TOWING & TRANSPORTATION
CO., INC., as Owner, and McALLISTER :    IN ADMIRALTY
TOWING OF NEW YORK, LLC, as Owner
Pro Hac Vice, of the Tug PATRICE    :    OPINION
McALLISTER for Exoneration from/or       AND ORDER
Limitation of Liability             :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. <u>Introduction</u>

By notice of motion dated July 9, 2014 (Docket Item 79), proposed claimants Collin Ahrens, Mohamed Allali, Russel Henchman, Eric Nightlinger and Mark Philipps ("Proposed Claimants") move for an Order pursuant to Supplemental Rule F(4) and (5) of the Supplemental Rules for Admiralty and Maritime Cases permitting them to file claims and answers <u>nunc pro tunc</u> in this limitation action.[1]

---

[1] The nature and operation of limitation actions are comprehensively explained <u>In re Bartin Deniz Nakliyati</u>, Nos. 87 CV 455 (JMM), 88 CV 506 (JMM), 1989 WL 128581 at *1-*2 (E.D.N.Y. July 10, 1989) (Report & Recommendation).

All parties to this action and the Proposed Claimants have consented to my exercising plenary jurisdiction pursuant 28 U.S.C. § 636(c).

For the reasons set forth below, the Proposed Claimants' motion is denied.

II. Facts

   A. The Fire Aboard the PATRICE McALLISTER and Related Facts

This action arises out of a fatal fire that occurred aboard the tug boat, the PATRICE McALLISTER, on March 27, 2012.

While traveling in international waters on Lake Ontario, en route from Toledo, Ohio to New York, New York, a fire broke out in the engine room of the PATRICE McALLISTER. At that time, the crew of the vessel was comprised of the Proposed Claimants and Matthew Hoban, who was assigned to the engine room. Hoban suffered extremely serious burns to almost 100% of his body as a result of the fire and had to be airlifted off the vessel by the Canadian Coast Guard. He died approximately 18 hours after the fire in a Canadian hospital. The record does not indicate that any other crew members sustained burns although they do claim other injuries.

Prior to the March 27, 2012 fire, the PATRICE McALLISTER's owner had retained Ohio Machinery Company, doing business as "Ohio CAT" ("Ohio CAT"), to perform certain overhaul work on the vessel's engines. What role, if any, Ohio CAT's work played with respect to the fire and the injuries suffered by the crew is one of the major issues in this litigation.

In late April 2012 -- approximately one month after the fire -- McAllister Towing & Transportation Co., Inc. and McAllister Towing of New York, LLC, the owner and charterer, respectively, of the PATRICE McALLISTER (collectively, "McAllister"), negotiated releases with the five Proposed Claimants. Four of the Proposed Claimants executed the releases in return for a payment of $25,000; one of the Proposed Claimants received $35,000 for his release. The releases each provided, among other things, that each of the Proposed Claimants releases and discharges

> any cause or thing whatsoever from the beginning of the world to the day or date of this RELEASE, relating to the casualty involving the M/V PATRICE McALLISTER on March 27, 2012.
>
> RELEASOR(S) also conveys and assigns to McAllister Towing and Transportation Co., Inc. as Owner and McAllister Towing of New York, LLC as Owner pro hac vice of the tug PATRICE McALLISTER, all rights to any credits or set-offs in the limitation proceeding entitled "Complaint of Plaintiffs McAllister Towing & Transportation Co., Inc. as Owner and McAllister Towing of New York, LLC as Owner Pro Hac Vice of the tug

>     PATRICE McALLISTER for exoneration from or limitation
>     of liability" at the Southern District of New York
>     (Civil Action No. 12 CIV. 2505 (LAK)).

(Declaration of John P. James in Support of Motion to File Claims & Answers <u>Nunc Pro Tunc</u>, dated July 9, 2014 (Docket Item 80) ("James Decl."), Ex. 1).  Four of the Proposed Claimants contend that they executed their releases without consulting maritime counsel (Reply Declaration of John P. James in Support of Motion to File Claims & Answers <u>Nunc Pro Tunc</u>, dated July 30, 2014 (Docket Item 95) ("James Reply Decl."), Exs. 1, 3-5).  Proposed Claimant Nightlinger admits that he consulted with an attorney prior to executing the release but states that the attorney was not a maritime attorney and that his advice was incorrect (James Reply Decl. Ex. 2, ¶ 3).

B.  <u>Procedural History</u>

McAllister commenced this limitation action on April 2, 2012.  At that time, the Honorable Lewis A. Kaplan, United States District Judge, to whom the matter was then assigned, issued an Order directing all persons having claims arising out of the PATRICE McALLISTER fire to assert those claims by July 2, 2012 or suffer default (Docket Item 2, ¶ 4).  The Order further enjoined the commencement of any action or the assertion of any claims against McAllister arising out of the fire on the PATRICE

McALLISTER except in this limitation action (Docket Item 2, ¶ 5). In addition to being published in the New York Daily News and the New York Law Journal, copies of Judge Kaplan's Order were mailed to the Proposed Claimants.

Ohio CAT and the Estate of Matthew Hoban timely asserted claims in this action against McAllister. Ohio CAT asserted a contingent claim for contribution and indemnity, while the Hoban Estate filed a wrongful death and related claims.

After the parties consented to my exercising plenary jurisdiction in March 2013 (Docket Item 47), I issued a Scheduling Order on April 25, 2013 directing, with the consent of McAllister, Ohio CAT and the Hoban Estate, that all discovery be completed by February 14, 2014 (Docket Item 48, ¶ 7). The discovery deadline was subsequently extended twice, and all discovery closed on July 21, 2014. During the discovery period, the parties conducted 12 depositions and exchanged 19 expert reports. The depositions of three of the Proposed Claimants, as witnesses, were conducted in January, March and May 2014; the Proposed Claimants' current counsel represented the Proposed Claimants at these depositions.

The Pretrial Order had been scheduled to be filed on August 12, 2014; however, I adjourned the due date <u>sine die</u>, pending the resolution of the instant motion. But for the

present motion and the submission of the Pretrial Order, the action is trial ready.

In addition to seeking to file claims in this action, the Proposed Claimants have each filed individual actions against Ohio CAT.  <u>Ahrens v. Ohio Machinery Co.</u>, 13 Civ. 8386 (HBP); <u>Nightlinger v. Ohio Machinery Co.</u>, 13 Civ. 8387 (HBP); <u>Henchman v. Ohio Machinery Co.</u>, 13 Civ. 8388 (HBP); <u>Allali v. Ohio Machinery Co.</u>, 13 Civ. 8389 (HBP); <u>Phillips v. Ohio Machinery Co.</u>, 13 Civ. 8447 (HBP).  The Proposed Claimants commenced these actions on November 25 and 26, 2013; when these individual actions were commenced, the Proposed Claimants designated them as related to this action.  The pretrial schedule currently in place for the Proposed Claimants' individual actions calls for the close of fact discovery in January 2015, the close of expert discovery in May 2015 and the submission of the pretrial order in July 2015.

The Proposed Claimants filed the present motion on July 9, 2014 -- eleven days before the close of all discovery in this matter.  Although their motion implies an intention to seek to rescind their releases, the Proposed Claimants have not offered to return the sums McAllister paid them for their releases.  Rather, they have offered to give McAllister a credit for the sums previously paid against any judgment they may recover against McAllister.  The Proposed Claimants have not addressed

6

what would happen to the sums previously paid to them if they are permitted to assert claims in this action and they are unsuccessful on the merits or recover damages in an amount less than the sum paid for the release.

III. Analysis

Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides, in pertinent part, that "[f]or cause shown, the court may enlarge the time within which claims [in a limitation action] may be filed." The determination of whether to enlarge the period for the filing of claims is entrusted to the court's discretion.

> [The] decision is within the sound discretion of the district court. See Meyer v. New England Fish Co. of Oregon, 136 F.2d 315 (9th Cir.), [c]ert. denied, 320 U.S. 771, 64 S.Ct. 83, 88 L.Ed. 461 (1943). In general, however, "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of reasons therefore." Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359 (5th Cir. 1963), quoting from 3 Benedict, Admiralty s 518 at 542 (Knauth ed. 1940); see also, The Spring Hill, 172 F.2d 355 (2d Cir. 1949); In re Industrial Transportation Corp., 344 F. Supp. 1311 (E.D.N.Y. 1972); Petition of Tugboat Dalzellea, Inc., 254 F. Supp. 298 (S.D.N.Y. 1965).

Sagastume v. Lampsis Navigation Ltd., 579 F.2d 222, 224 (2d Cir. 1978); accord In re Complaint of M.V. President Kennedy, Ltd., 98 Civ. 8126 (CSH), 2000 WL 351425 at *2 (S.D.N.Y. April 5, 2000)

(Haight, D.J.); Complaint of High Stakes Fishing Inc., 93 Civ. 7969 (LAP), 1995 WL 555691 at *1 (S.D.N.Y. Sept. 18, 1995) (Preska, D.J.).

The requirement in Rule F(4) that "cause" be shown for an extension does not require showing of "good cause."

> In The Tradeways II, 1967 A.M.C. 381 (S.D.N.Y. 1966) (not officially reported) (M[a]cMahon, J.), this court, allowing the filing of a late claim under Rule F(4), rejected the shipowner's contention that Rule F(4)'s reference to "cause shown" requires a claimant to make a threshold demonstration of good cause sufficient to establish excusable neglect.  Judge M[a]cMahon reasoned:
>
>> It is clear, however, that the phrase "for cause shown" is not so limited.  The rule simply commits the question of enlargement of time to the discretion of the court; the court can grant an extension whenever an examination of all the relevant facts shows that it will serve the ends of justice.  Specifically, a showing that no party will be prejudiced by permitting a late filing, even with a weak showing of excusable neglect, is sufficient . . . .  Assuming, arguendo, that Midland has not made out a showing of excusable neglect, the above facts are sufficient to constitute "cause shown," as required by Rule F(4) . . . .  The courts have consistently held that Rule F(4) is not to be narrowly construed and have permitted enlargements of time upon a showing that no party will be prejudiced.
>
> 1967 A.M.C. at 382-3 (citations omitted).

In re Complaint of M.V. President Kennedy, Ltd., supra, 2000 WL 351425 at *2; accord In re Bartin Deniz Nakliyati, supra, 1989 WL 128581 at *7-*8 (suggesting that the burden to show cause for the

8

delay increases as the prejudice to any claimants who timely filed increases).

There can be no dispute that this action remains "pending and undetermined." Thus, the factors relevant to the outcome of the motion are whether "the rights of the parties [would be] adversely affected" by granting the motion and the "cause" for the Proposed Claimants' failure to file in a timely manner. Sagastume v. Lampsis Navigation Ltd., supra, 579 F.2d at 224.

If the Proposed Claimants' motion is granted, the Hoban Estate will suffer prejudice in two respects. First, the trial will be delayed while the Proposed Claimants complete discovery. Second, the Hoban Estate will face the additional legal fees resulting from participating in the additional discovery the Proposed Claimants will conduct. If the motion is denied, the Proposed Claimants will be foreclosed from any further recovery from McAllister.

With respect to the cause for the Proposed Claimants' delay in making their motion, they contend that they believed they were precluded by their releases from asserting any claim against McAllister (Reply Memorandum of Law in Support of Motion to File Claims and Answers, Nunc Pro Tunc, dated July 30, 2014 (Docket Item 93) ("Reply Mem.") at 3). The Proposed Claimants

9

retained their present counsel, an experienced practitioner in maritime law, at least as early as November 25 and 26, 2013 -- the dates on which they filed their individual actions which were designated as related to this action.  Thus, maritime counsel had actual notice of this action and its relationship to the claims of the Proposed Claimants more than seven months before the instant motion was made.  Even if I credit the Proposed Claimants' assertion concerning the perceived effect of their releases, the explanation for their delay between November 2013 and July 9, 2014 is extremely weak.  They claim they did not know Ohio CAT would assert lack of personal jurisdiction as a defense until May 2014 when Ohio CAT filed its answers in the Proposed Claimants' individual actions (Reply Mem. at 3-4).  Thus, until May 2014, the Proposed Claimants did not perceive any need to assert claims in the limitation action.  This argument may explain their delay in attempting to join an action in which they could assert cross claims against Ohio CAT;[2] it does not, however, explain their delay in asserting claims against McAllister.

---

[2] Ohio CAT has now represented that it will not be asserting lack of personal jurisdiction in the Proposed Claimants' individual actions (Letter from Craig S. English, Esq. to the undersigned, dated August 6, 2014 (Docket Item 97) at 3-4). Thus, the Proposed Claimants will be able to litigate their claims against Ohio CAT in this forum regardless of the outcome of this motion.

Although both side have substantial arguments, I believe the equities favor the Hoban Estate and warrant the denial of the Proposed Claimants' motion.  The Proposed Claimants had actual notice of the pendency of this action since April 2012 when they signed their releases; this action is expressly referenced in their releases.  Despite this fact, they waited for more than two years after learning of this action and more than seven months after retaining maritime counsel to attempt to join this action.  The Hoban Estate has complied with all applicable deadlines and granting the Proposed Claimants' motion will inevitably lead to more discovery and more expenses in a case that is otherwise trial ready.  Indeed, although Ohio CAT had initially believed that the only additional discovery that would result from granting the Proposed Claimants' motion was discovery concerning the Proposed Claimants' injuries and lost income and that such discovery could be completed in 60-90 days (Letter from Craig S. English, Esq. to the undersigned, dated August 8, 2014 (Docket Item 101) at 3)), it has recently indicated that, if the motion is granted, Ohio CAT will seek broader discovery of unspecified duration[3] (Letter from Craig S. English, Esq., to the

---

[3]At least in my experience, discovery is rarely completed within the time counsel estimates is necessary.  Thus, I expect discovery in the Proposed Claimants' individual actions will, in
(continued...)

11

undersigned, dated September 19, 2014 (Docket Item 108) at 2). This delay and expense is prejudicial to both McAllister and the Hoban Estate.  See In re Trace Marine, 114 F. App'x 124, 129 (5th Cir. 2004); American Commercial Lines, Inc. v. United States, 746 F.2d 1351, 1353-54 (8th Cir. 1984) (per curiam); In re Miss Belmar II Fishing Inc., No. 11-4757 (MLC)(LHG), 2014 WL 1217771 at *3 (D.N.J. Mar. 24, 2014).

      In support of their motion, the Proposed Claimants cite In re Bartin Deniz Nakliyati, supra, 1989 WL 128581, and contend that the court in that case permitted the assertion of an otherwise untimely claim in a limitation action two years after the casualty (Memorandum of Law in Support of Motion to File Claims and Answers, Nunc Pro Tunc, dated July 9, 2014 (Docket Item 81) at 4-5).  The Proposed Claimants overstate the facts in that case.  In Bartin Deniz Nakliyati, the casualty occurred on February 13, 1987.  1989 WL 129581 at *1.  The deadline for the assertion of claims in the resulting limitation action was initially set at April 24, 1987 and subsequently extended to October 7, 1987.  1989 WL 129581 at *3-*4.  The motion to assert a claim nunc pro tunc was filed on February 1, 1988.  1989 WL 129581 at *5.  Thus, although the motion to file a claim nunc pro

---

[3](...continued)
all probability, extend into the latter half of 2015.

tunc was not granted until July 1989 -- more than two years after the accident -- the motion was made less than one year after the casualty and approximately four months after the deadline for the submission of claims.  In contrast, the Proposed Claimants' motion was not made until more than two years after both the casualty and the deadline for the submission of claims.  Bartin Deniz Nakliyati is also factually distinguishable.  In that case, the court noted that "[n]o significant discovery" had taken place and that the action was not trial ready.  1989 WL 128581 at *6.  In this case, on the other hand, discovery is complete, and the matter will be ready for trial as soon as the pretrial order is prepared.  Thus, the movant's delay in Bartin Deniz Nakliyati was less than half as long as the Proposed Claimants' delay here, and the grant of the motion in that case did not delay the resolution of the timely- filed claims.

     I appreciate that denial of the Proposed Claimants' motion will probably result in the loss of their opportunity to assert a claim against McAllister.  However, this is a situation of their own making.  The Proposed Claimants had actual notice of this action for more than two years before they made their motion.  At least as early as November 2013, they had retained experienced maritime counsel and still failed to seek to join this action for more than seven months.  The Proposed Claimants

13

claim that they are entitled to their day in court, but the Hoban Estate is entitled to that same right with equal force.  Given the delay and expense that would result from granting the motion and the insubstantial reasons for the Proposed Claimants' delay, I conclude that the interests of justice favor denying the Proposed Claimants' motion.

IV.  Conclusion

Accordingly, for all the foregoing reasons, the Proposed Claimants' motion to file claims and answers nunc pro tunc in this limitation action (Docket Item 79) is denied.

Counsel for McAllister, Ohio CAT and the Hoban Estate are directed to submit the pretrial order, proposed voir dire questions and proposed requests to charge no later than November 12, 2014.  Requests to charge should be limited to the substantive liability and damages charges; I have standard charges addressing such matters as function of court and jury, credibility of witnesses, circumstantial evidence, etc.  If all counsel are free, I am available to try this case during the week of December 8, 2014 (I assume a one-week trial).  If the week of December 8 does not work for any party, counsel are directed to confer and propose an alternative trial date.  Due to previously scheduled commitments in the Criminal Part, I am not available

during the weeks beginning November 3, 2014 and February 16, 2015.

Dated:  New York, New York
        October 10, 2014

                                          SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel